Daniel S. Rodman, SBN 156156
drodman@swlaw.com
Chariese R. Solorio, SBN 309753
csolorio@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Attorneys for Defendant
FCA US LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JEFFREY SANDOVAL,<br><br>            Plaintiff,<br><br>vs.<br><br>BUDGET RENT A CAR; FCA US LLC; and DOES 2-50,<br><br>            Defendants. | CASE NO. 2:20-cv-7069<br><br>[*Originally filed in Los Angeles County Superior Court; Case No. BC712945*]<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br>COMPLAINT FILED: July 6, 2018<br>COMPLAINT SERVED: July 8, 2020<br>REMOVAL DATE: August 6, 2020 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that FCA US LLC ("FCA") by and through its counsel, Snell & Wilmer L.L.P., hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the above-entitled action. In support of its removal, FCA states:

/ / /

/ / /

/ / /

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiff Jeffrey Sandoval ("Plaintiff") against Budget Rent A Car and FCA, entitled *Jeffrey Sandoval v. Budget Rent A Car, et al.*, Case No. BC712945 (the "State Action"). The two named defendants are Budget Rent A Car, Inc. ("Budget") and FCA.

2. Plaintiff filed the State Action on July 6, 2018, asserting motor vehicle and general negligence claims against Budget with respect to a 2016 Dodge Challenger vehicle allegedly driven by Plaintiff.

3. On February 18, 2020, Plaintiff filed a Doe amendment, designating FCA as DOE 1.

4. FCA is informed and believes that Plaintiff and Budget entered into a settlement agreement in July 2020. However, FCA understands that a notice of dismissal of the Complaint as to Budget has not yet been filed. *See* Declaration of Chariese R. Solorio ("Solorio Decl."), ¶ 3.

## II. PROCEDURAL REQUIREMENTS

5. The first date FCA received a copy of the Complaint was July 8, 2020, when FCA's agent for service of process was served with a copy of the Summons and Complaint. A true and correct copy of the Summons and Complaint, as they were served on FCA, are attached as **Exhibit A**.

6. FCA has thirty (30) days from the date of service or receipt "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" to remove a case. *See* 28 U.S.C. §1446(b). Thus, this Notice of Removal is timely filed.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Action in FCA's possession are attached as **Exhibit A** [Plaintiff's Summons and Complaint] and **Exhibit B** [Plaintiff's DOE Amendment].

8. In accordance with 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending (Los Angeles County Superior Court).

9. As required by 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles promptly after filing the same in this Court.

10. Moreover, pursuant to 28 U.S.C. § 1446(d), written notice of filing this Notice of Removal will be given to all parties after the same is filed with this Court.

11. If any question arises as to the propriety of removal of this action, FCA respectfully requests an opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA's rights to assert defenses, including, without limitation, the defenses of (i) lack of personal jurisdiction, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

13. FCA is informed and believes that Defendant Budget Rent A Car was served with the Summons and the Complaint on or about October 17, 2018. Without waiving any defenses, Budget hereby joins this Notice of Removal and consents to removal of this case to this Court. *See* Solorio Decl., ¶ 4.

## III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

14. This Court has original jurisdiction under 28 U.S.C. § 1332, and this action is one that may be removed to this Court by FCA pursuant to the provisions of 28 U.S.C. § 1441(b) in that it involves a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of

interest and costs.

15. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

16. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

17. FCA disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, FCA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

18. Here, Plaintiff claims that as a result of the subject accident, he sustained "mental anguish" and "massive injuries" that required evaluation and

4

FCA US LLC'S NOTICE OF REMOVAL

treatment by several providers and specialists. Plaintiff's purported injuries consist of the following: exacerbation of a pre-existing spinal injury, disc herniations with nerve root impingement, whiplash, injury to his head, radiating pain, cognitive impairments, and short-term memory loss. Plaintiff claims he may require surgical intervention in the future. Plaintiff is seeking $553,813.56 in damages from FCA, consisting of special damages ($33,828.39), general damages ($101,485.17), future medical expenses ($168,500.00), and future pain and suffering ($250,000.00). *See* Solorio Decl., ¶ 5. Accordingly, the amount in controversy in this matter exceeds $75,000.00.

## IV.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

19. Plaintiff's Complaint does not include any facts regarding Plaintiff's citizenship or residency. *See* **Exhibit A,** generally. However, based on Plaintiff's medical records provided by Plaintiff's counsel, FCA is informed and believes that Plaintiff resides in the City of Bloomington in San Bernardino County, California.

20. FCA is, and was at the time Plaintiff commenced this action, a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan. FCA US LLC has one member, FCA North America Holdings LLC, a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan. FCA North America Holdings LLC has one member, FCA Holdco B.V., a company organized and existing under the laws of the Netherlands with its principal place of business in London, United Kingdom. FCA Holdco B.V. is 100% owned by Fiat Chrysler Automobiles N.V., a publicly traded company organized and existing under the laws of the Netherlands with its principal place of business in London, United Kingdom. Accordingly, neither FCA nor its members are citizens of California.

21. Budget Rent a Car, Inc. is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey. This Court can take judicial notice of

these facts. *See* California Secretary of State's Entity Detail regarding Budget Rent A Car, **attached as Exhibit C**; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

22. Doe defendants 2 to 50 have not been served. Those named as defendants but not yet served in the state court action need not join the notice of removal. *See Destfino v. Reiswig*, 630 F.3d 952, 956–57 (9th Cir. 1988); *Emrich v. Touche Ross & Co.*, 864 F.2d 1190, 1193 (9th Cir. 1988).

23. Because there is diversity of citizenship between the parties, no defendant is a citizen of California, and the amount in controversy exceeds $75,000, this action is removable under 28 U.S.C. §§ 1332(a) and 1441(b).

## V. CONCLUSION

For the reasons stated above, the State Action may be removed to this Court by FCA in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (iii) the action is between citizens of different states.

Dated: August 6, 2020           SNELL & WILMER L.L.P.

By: /s/ Chariese R. Solorio
　　Daniel S. Rodman
　　Chariese R. Solorio
　　Attorneys for Defendant
　　FCA US LLC

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On August 6, 2020, I served, in the manner indicated below, the foregoing document described as: **DEFENDANT FCA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** on the interested parties in this action:

| | |
|---|---|
| Alexander J. Petale, Esq.<br>Law Offices of Alexander J. Petale<br>504 S. Alvarado Street, Suite 207<br>Los Angeles, California 90057 | **PLAINTIFF'S COUNSEL**<br><br>213-413-5050, Telephone<br>213-413-5055, Facsimile<br><br>petaleesq@gmail.com |
| Joseph O. Fitzgerald, Esq.<br>Macdonald & Cody, LLP<br>28 Executive Park, Third Floor,<br>Irvine, California 92614 | **COUNSEL FOR DEFENDANT BUDGET RENT A CAR**<br><br>714-831-1713, Telephone<br>714-823-3229, Facsimile<br><br>jfitzgerald@macdonaldcody.com |

☒ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. § 5 (b)(2)(C)).

☒ BY E-FILING (USDC Central): I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service.

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on August 6, 2020, at Costa Mesa, California.

*Louise Mishler*

Louise Mishler